# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10104-EFM-1

MARCO ANTONIO CARDENAS-RODRIGUEZ,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Marco Cardenas-Rodriguez's Motion to Dismiss and Release (Doc. 16). Defendant argues that the Indictment should be dismissed and that he should be released from custody for failure to comply with the Speedy Trial Act, 18 U.S.C. § 3161 (the "STA"). For the reasons discussed below, the Court grants the motion and dismisses the Indictment without prejudice.

### I.     Factual and Procedural Background

Defendant is charged in a one-count Indictment with illegal reentry of a previously deported/removed alien in violation of 8 U.S.C. § 1326(a) and (b). On August 10, 2018, Defendant appeared before a U.S. Magistrate for his first appearance and was temporarily detained. He subsequently waived his right to a detention hearing, and the Government's motion for detention was granted on August 15, 2018.

On August 20, the Court entered its Pretrial and Criminal Case Management Order scheduling the jury trial for October 9, 2018. On September 6, Defendant filed a Motion to Dismiss raising a jurisdictional challenge to his previous deportation proceeding based on the Supreme Court's decision in *Pereira v. Sessions*[1] (the "*Pereira* motion"). The Government responded to the *Pereira* motion on September 27. On September 28, the Court issued a Notice via text entry on CM/ECF cancelling the jury trial and stating that it is "to be rescheduled upon ruling on open motion." Defendant filed a reply to the motion to dismiss on October 4. On March 6, 2019, the Court issued its Memorandum and Order denying the *Pereira* motion.

While the *Pereira* motion was pending, Defendant filed the instant motion before the Court. Defendant contends that the speedy trial clock has run and asks the Court to dismiss this case with prejudice and release him from custody. According to Defendant, the Court's September 28 open-ended continuance did not toll the speedy trial clock, and the *Pereira* motion only tolled the speedy trial clock for 30 days. The Government opposes Defendant's motion.

## II.     Analysis

Under the STA, a defendant's trial "shall commence within seventy days" of the indictment or the defendant's first appearance, whichever occurs last.[2] The STA further provides that a defendant must not "be held in custody pending trial" for more than 90 days.[3] Certain events are excluded from these deadlines, including delays resulting from ends-of-justice continuances under 18 U.S.C. § 3161(h)(7) and motions under § 3161(h)(1)(D) and (H).

---

[1] 138 S. Ct. 2105 (2018).

[2] 18 U.S.C. § 3161(c)(1).

[3] *Id*. § 3164(c).

**A.      The September 28 Notice Did Not Toll the Speedy Trial Clock**

An ends-of-justice continuance will toll the speedy trial clock under 18 U.S.C. § 3161(h)(7). That section excludes periods of delay "resulting from a continuance granted by any judge on his own motion."[4] But, to excuse such delay, the court must specify "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."[5]

Defendant argues that the September 28 notice issued by the Court did not toll the speedy trial clock because it contained no ends-of-justice findings required by the STA. The Court agrees. The notice merely stated that the jury trial was cancelled and that it would be rescheduled upon the Court's ruling on the *Pereira* motion. It did not specify why the continuance outweighed the best interests of the public and Defendant in a speedy trial. Accordingly, the delay resulting from the September 28 continuance was not excusable under § 3161(h)(7).

**B.      The *Pereira* Motion Only Tolled the Speedy Trial Clock for 30 Days.**

Delays resulting from pretrial motions toll the speedy trial clock, but only for 30 days once the motion is "actually under advisement." Section 3161(h)(1)(D) of the STA "provides for the exclusion of periods of 'delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.'"[6] Furthermore, § 3161(h)(1)(H) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement

---

[4] 18 U.S.C. § 3161(h)(7).

[5] *Id.*

[6] *United States v. Margheim*, 770 F.3d 1312, 1318 (10th Cir. 2014) (quoting 18 U.S.C. § 3161(h)(1)(D)).

by the court."⁷ The Tenth Circuit has held that these two subsections work in conjunction, so "if a motion is one that does not require a hearing, the [STA] excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement."⁸

The issue before the Court is when the *Pereira* motion became "under advisement." Defendant contends that the *Pereira* motion has been "under advisement" since October 4, 2018, and thus only tolled the speedy trial clock for 30 days. The Government, however, contends that the motion was "under advisement" as of February 5, 2019. According to the Government, Defendant stated in his reply brief that he expected additional pertinent case law regarding the jurisdictional issue in the *Pereira* motion to be forthcoming and left open the express intent to supplement his briefing. The most recent case cited by the Court in its Memorandum and Order denying the *Pereira* motion issued on February 5, 2019. Thus, the Government argues that the matter was "under advisement" as to all matters that the Court relied upon in its decision-making as of that date, and the Court met its 30-day deadline when it issued its decision 29 days later on March 6.

The Court is not persuaded by the Government's argument. A motion is "actually under advisement" when the trial court receives all the papers it expects to receive regarding a motion.⁹ As the Tenth Circuit has explained, "the 30-day advisement period does not begin to run until all necessary information is before the Court. Excludable time includes 'all time that is consumed in

---

⁷ 18 U.S.C. § 3161(h)(1)(H).

⁸ *Margheim*, 770 F.3d at 1318 (quoting *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007)).

⁹ *Henderson v. United States*, 476 U.S. 321, 329 (1986).

placing the trial court in a position to dispose of a motion.' "[10] While Defendant's reply brief may have suggested that there will be additional case law discussing the jurisdictional issue present in the *Pereira* motion, this case law is not necessary information that the Court needed to dispose of the motion. Indeed, two other judges in this District issued opinions on the same jurisdictional issue without having used this case law to inform their decision. Furthermore, none of the recent decisions cited by the Court in its Order were binding precedent. Accordingly, because the Court did not hold a hearing on the *Pereira* motion, the motion was under advisement as of October 4, 2018.

Based on this finding, the Court calculates the total number of days countable toward the speedy trial and custodial clocks to be at least 128 days. This number is based on the following dates:

1. Initial Appearance August 10, 2018
2. Filing of *Pereira* Motion September 6, 2018
3. Filing of Reply to *Pereira* Motion October 4, 2018
4. Filing of Instant Motion February 14, 2018

The number of days from Defendant's first appearance to the filing of the *Pereira* motion is 26 days. The number of days from the filing of the reply brief to the filing of this motion to dismiss, minus 30 days excludable under § 3161(h)(1)(H), equals 102 days. Thus, the total number of days countable is 128 days (26 days + 102 days), and the speedy trial clock has run.[11]

---

[10] *United States v. Willie*, 941 F.2d 1384, 1387-88 n.2 (10th Cir. 1991) (quoting *Henderson*, 476 U.S. at 331).

[11] The Court recognizes that additional days are countable toward the speedy trial clock in this case because it did not hold a hearing on the instant motion, and thus, only 30 days are excludable under § 3161(h)(1)(H). Accordingly, the speedy trial clock began to run again on March 17, 2019.

Defendant asks this Court to dismiss this case with prejudice under and release him from custody. "When more than seventy non-excluded days have passed, the [STA] requires dismissal of an affected indictment on motion by the defendant."[12] The dismissal is mandatory, but the Court has discretion to determine whether the dismissal is with or without prejudice.[13] In making this determination, the Court must consider the following factors: "the seriousness of the offense; the facts and circumstances of the case which let to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."[14]

The Court first looks at the seriousness of the offense. "If the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing without prejudice."[15] Defendant is charged with reentry of a previously removed alien in violation of 8 U.S.C. § 1326(a) and (b). A conviction for this offense carries a possible imprisonment term of ten years and a fine.[16] Other district courts within the Tenth Circuit have found offenses with similar sentences to be "serious" crimes.[17] Accordingly, the Court concludes that reentry of a previously removed alien is a "serious" offense, and this factor favors dismissal without prejudice.

---

[12] *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005) (citing 18 U.S.C. § 3162(a)(2)).

[13] *Id.*

[14] 18 U.S.C. § 3162(a)(2).

[15] *United States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993).

[16] 8 U.S.C. § 1326(b)(1). The term of imprisonment is greater (up to 20 years) if Defendant's previous removal occurred after he was convicted of an aggravated felony, but there is no evidence before the Court that Defendant committed a prior aggravated felony. *Id.* § 1326(b)(2).

[17] *See United States v. Pumphrey*, 2013 WL 1123379, at *2 (D. Utah 2013) (finding possession of child pornography to be a serious crime because is carries a maximum sentence of 10 years); *United States v. Bay*, 2010 WL 520476, at *2 (D. Utah 2010) (finding the offense of felon in possession to be "serious" because it carries a possible term of imprisonment of ten years and fine of up to $250,000); *United States v. Rogers*, 2002 WL 35649499, at *5 (D.N.M. 2002) (finding that assault on a federal employee is a "serious" offense because the maximum potential sentence is 10 years imprisonment, a fine of up to $250,000, and three years supervised release).

With respect to the second factor, the Court looks to the "culpability of the conduct that led to the delay."[18] The Tenth Circuit has explained that "where the delay in bringing the case to trial is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy."[19] In this case, the STA violation occurred because of the Court's negligence, not the Government's. Had the Court issued a prompt decision on the *Pereira* motion, the violation would not have occurred. There is no evidence that the Government intentionally delayed the prosecution of the case or engaged in a pattern of neglect. This factor also favors dismissal without prejudice.

Finally, the Court examines whether a dismissal without prejudice serves the administration of the STA and the administration of justice.[20] "When evaluating this factor, a court should consider . . . whether the delay caused by the government was intentional and the prejudice suffered by the defendant from the [STA's] violation."[21] A court should also consider the length of the delay.[22]

The delay in this case is over 100 days. While this delay is not excessive, it is also not minimal. As noted above, the delay was not due to the Government's intentional dilatory acts, but the Court's inability to issue a prompt decision on the *Pereira* motion. Much of that delay is attributable to the Court's busy criminal docket and the fact that the jurisdictional issue raised in the *Pereira* motion is one being litigated all over the United States, thus requiring extensive

---

[18] *United States v. Koerber*, 813 F.3d 1262, 1277 (10th Cir. 2016) (quoting *Cano-Silva*, 402 F.3d at 1036).

[19] *Williams*, 576 F.3d at 1158 (citation omitted).

[20] *United States v. Toombs*, 713 F.3d 1273, 1280-81 (10th Cir. 2013).

[21] *Id.*

[22] *Id.* (citing *United States v. Taylor*, 487 U.S. 326, 340 (1988)).

research to analyze the issue. Furthermore, Defendant has not argued that he will be prejudiced by the delay if he is retried. After reviewing the three factors, the Court dismisses this case without prejudice. It also orders Defendant to be released from custody pursuant to 18 U.S.C. § 3164.[23]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Release (Doc. 16) is **GRANTED**. The Indictment is dismissed without prejudice.

This case is closed.

**IT IS SO ORDERED**.

Dated this 4th day of April, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[23] *See* 18 U.S.C. § 3164(c) ("No detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial.").